# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE STANLEY IVEY, II,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>DANIEL PARAMO, Warden,<br><br>　　　　　　　　　　Respondent. | Case No.:  14cv715-MMA (JLB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE;**<br><br>[Doc. No. 17]<br><br>**OVERRULING PETITIONER'S OBJECTIONS;**<br><br>[Doc. No. 21]<br><br>**DENYING PETITION FOR WRIT OF HABEAS CORPUS;**<br><br>[Doc. No. 1]<br><br>**DENYING REQUEST FOR EVIDENTIARY HEARING;**<br><br>[Doc. No. 1]<br><br>**DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

　　　Petitioner Dwayne Stanley Ivey, II ("Petitioner"), a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus ("petition") pursuant to Title 28 of the United States Code, section 2254, challenging the constitutionality of his conviction at trial for committing a lewd act upon a child under the age of fourteen (Cal. Penal Code § 288(a));

sexual intercourse with a child ten years of age or younger (Cal. Penal Code § 288.7(a)); sodomy with a child ten years of age or younger (Cal. Penal Code § 288.7(a)); digital penetration of a child ten years of age or younger (Cal. Penal Code § 288.7(b)); oral copulation with a child ten years of age or younger (Cal. Penal Code § 288.7(b)); and found true the allegation that Petitioner engaged in substantial sexual conduct with a child under the age of fourteen (Cal. Penal Code §1203.066(a)(9)). *See* Doc. No. 1. Petitioner asserts he was denied his fundamental right to a fair trial due to a combination of prosecutorial misconduct and the admission of irrelevant and highly prejudicial evidence. *See id.* at 3-8. Respondent answered on the merits, requesting the petition be denied with prejudice, and that no certificate of appealability be issued. *See* Doc. No. 6. Petitioner filed a traverse. *See* Doc. No. 12.

The matter was referred to United States Magistrate Judge Burkhardt for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), and Civil Local Rule HC.2. Judge Burkhardt has issued a detailed and well-reasoned report recommending that the Court deny Petitioner's claims for relief without an evidentiary hearing and dismiss the petition. *See* Doc. No. 17. Petitioner filed a motion for extension of time to file his objections to the Report and Recommendation. *See* Doc. No. 19. The Court granted Petitioner's motion (Doc. No. 20), and Petitioner filed objections to the Report and Recommendation on August 17, 2016. *See* Doc. No. 21. For the reasons set forth below, the Court **OVERRULES** Petitioner's objections and **ADOPTS** the Report and Recommendation in its entirety.

## STANDARD OF REVIEW

Pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the Court must "make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

///

## DISCUSSION

Petitioner objects to Judge Burkhardt's Report and Recommendation on various grounds. *See* Doc. No. 21. The Court has conducted a *de novo* review of the pertinent portions of the record with respect to each of Petitioner's objections, and each objection is addressed in turn.

First, Petitioner objects to the legal standard applied in the portion of the Report and Recommendation entitled "IV. Scope of Review," on the ground that the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are "in part unconstitutional and illegal, and denies Petitioner due process and equal protection of the law." Doc. No. 21 at 2. The provisions of AEDPA govern federal habeas corpus petitions. *See Lindh v. Murphy*, 521 U.S. 320, 327 (1997). The Supreme Court has consistently upheld the constitutionality of AEDPA and has stated, "[s]ection 2254(d) [as amended by AEDPA] reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011), quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979). Judge Burkhardt clearly defined the applicable legal standard a federal court utilizes in determining whether to grant a habeas corpus petition. Thus, the Court finds Petitioner's objection to be without merit.

Second, Petitioner contends he has met the appropriate standard to prevail on his claims of prosecutorial misconduct, and admission of highly prejudicial evidence. *See* Doc. No. 21 at 4. Petitioner's objections do not present new argument and repeat the arguments found in the petition. Judge Burkhardt thoroughly addresses these arguments in the Report in Recommendation. Accordingly, the Court finds Petitioner's prosecutorial misconduct and admission of prejudicial evidence objections are without merit.

Third, Petitioner objects to Judge Burkhardt's denial of Petitioner's request for appointment of counsel. Doc. No. 21 at 5. Judge Burkhardt twice considered Petitioner's

Case 3:14-cv-00715-MMA-JLB   Document 22   Filed 12/16/16   PageID.1591   Page 4 of 5

motions requesting appointment of counsel, and found in both instances that Petitioner failed to demonstrate that the interests of justice are best served by appointment of counsel. *See* Doc. Nos. 10, 16. The Court finds Judge Burkhardt came to a sound conclusion, and thus finds Petitioner's objection without merit.

Finally, Petitioner claims he had insufficient time to respond to the Report and Recommendation, and requests an additional "sixty (60) days with which to fully and adequately file Petitioner's objection(s)." Doc. No. 21 at 6. All written objections to the Report and Recommendation were due on or before July 21, 2016. Doc. No. 17 at 38. On July 25, 2016, Petitioner filed a motion with the Court requesting an extension of time to respond to the Report and Recommendation. Doc. No. 19. The Court granted the motion, and extended the deadline four weeks to August 18, 2016. Doc. No. 20. Petitioner filed his objections on August 17, 2016. Doc. No. 21. Because the Court previously granted Petitioner an extension of time to respond, coupled with the fact that Petitioner filed his objections in a timely fashion, the Court finds Petitioner's argument meritless.

Accordingly, Petitioner's objections are **OVERRULED**, the Report and Recommendation is **ADOPTED** in its entirety, and the Petition for Writ of Habeas Corpus and request for evidentiary hearing are **DENIED**.

### CERTIFICATE OF APPEALABILITY

Rule 11 of the Federal Rules Governing Section 2254 Cases states that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability is not issued unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons set forth in the Report and Recommendation, the Court finds this

standard has not been met. Accordingly, the Court **DECLINES** to issue a certificate of appealability as to any claims or issues raised in the petition.

### CONCLUSION

Based on the foregoing, Petitioner's objections are **OVERRULED**, the Report and Recommendation is **ADOPTED** in its entirety, the Petition for Writ of Habeas Corpus and request for evidentiary hearing are **DENIED**, and the Court **DECLINES** to issue a certificate of appealability.

The Clerk of Court shall terminate this case and enter judgment in favor of Respondent.

**IT IS SO ORDERED.**

Dated: December 15, 2016

HON. MICHAEL M. ANELLO
United States District Judge