# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE STANLEY IVEY, II,<br><br>                   Petitioner,<br>v.<br>DANIEL PARAMO, Warden,<br><br>                   Respondent. | Case No.: 14cv715-MMA (JLB)<br><br>**ORDER RE: MOTION FOR RECONSIDERATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(B)**<br><br>[Doc. No. 27] |

Petitioner Dwayne Stanley Ivey, II ("Petitioner"), a state prisoner proceeding *pro se*, filed a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b). *See* Doc. No. 27. Petitioner requests the Court reopen his case "to consider new and different evidence demonstrative of his absolute innocence." *Id.* at 1.

Petitioner previously filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction at trial for committing a lewd act upon a child under the age of fourteen (Cal. Penal Code § 288(a)); sexual intercourse with a child ten years of age or younger (Cal. Penal Code § 288.7(a)); sodomy with a child ten years of age or younger (Cal. Penal Code § 288.7(a)); digital penetration of a child ten years of age or younger (Cal. Penal Code § 288.7(b)); oral copulation with a child ten years of age or younger (Cal. Penal Code § 288.7(b)); and found true the allegation that Petitioner engaged in substantial sexual conduct with a

child under the age of fourteen (Cal. Penal Code §1203.066(a)(9)). *See* Doc. No. 1. Petitioner argued that he was denied his fundamental right to a fair trial due to a combination of prosecutorial misconduct and the admission of irrelevant and highly prejudicial evidence. *See id.* at 3-8.

On December 16, 2016, the Court issued an order adopting Magistrate Judge Burkhardt's Report and Recommendation denying the petition for writ of habeas corpus. *See* Doc. No. 22. The Court declined to issue a certificate of appealability, and Petitioner did not file an appeal. Petitioner filed the instant motion more than a year and a half later on August 17, 2018. *See* Doc. No. 27.

## **LEGAL STANDARD**

Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). "Habeas corpus petitioners cannot 'utilize a Rule 60(b) motion to make an end-run around the requirements of AEDPA' or to otherwise circumvent that statute's restrictions on second or successive habeas corpus petitions." *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013) (quoting *Calderon v. Thompson*, 523 U.S. 538, 547 (1998)); *see also United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011) (per curiam) ("[A] state prisoner may not rely on Rule 60(b) to raise a new claim in federal habeas proceedings that would otherwise be barred as second or successive under § 2254."), *cert. denied*, 565 U.S. 919 (2011).

AEDPA typically limits a petitioner to one federal habeas corpus motion and precludes second or successive habeas corpus petitions unless the petitioner meets certain requirements. *See* 28 U.S.C. § 2244(b). Section 2244(b)(2) provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless" the claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or on newly discovered facts that show a high probability of actual innocence. 28 U.S.C. § 2244(b)(2)(A)-(B). In order for a

petitioner to bring a second or successive petition, he or she must move in the appropriate court of appeals for an order "authorizing the district court to consider the [second or successive petition.]" 28 U.S.C. § 2244(b)(3)(A).

"Because of the difficulty of meeting this standard, habeas corpus petitioners at times have characterized their second or successive habeas corpus petitions as Rule 60(b) motions." *Jones*, 733 F.3d at 834. "[W]hen a Rule 60(b) motion is actually a disguised second or successive § 2254 motion, it must meet the criteria set forth in 28 U.S.C. § 2244(b)(2)." *Id.* (internal quotation marks and citation omitted). There is no bright-line rule for distinguishing between a bona fide Rule 60(b) motion and a disguised second or successive § 2254 motion. *See id.* Rather, the Supreme Court in *Gonzalez* held that a legitimate Rule 60(b) motion "attacks . . . some defect in the integrity of the federal habeas proceedings," while a second or successive habeas corpus petition "is a filing that contains one or more 'claims'" defined as "asserted federal bas[e]s for relief from a state court's judgment of conviction." 545 U.S. at 532, 530. Stated differently, a motion that does not attack "the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably" raises a claim that takes it outside of the Rule 60(b) context and within the scope of AEDPA's limitation on second or successive petitions. *Id.* at 532 n.5.

For example, a proper Rule 60(b) motion includes one alleging fraud on the federal habeas corpus court, as well as those wherein the movant "asserts that a previous ruling which precluded a merits determination was in error" including for failure to exhaust, a procedural default, or a statute-of-limitations bar. *Id.* at 532 nn. 4-5. By contrast, Rule 60(b) motions asserting claims that constitute, in effect, a new request for relief on the merits include motions to present "newly discovered evidence . . . in support of a claim previously denied" in addition to motions asserting that "a subsequent change in substantive law is a reason justifying relief . . . from the previous denial of a claim." *Id.* at 531.

///

## Discussion

In his motion for reconsideration, Petitioner requests the Court reopen "his case to consider new and different evidence demonstrative of his absolute innocence." Doc. No. 27 at 1. Specifically, Petitioner contends that in October 2017, he discovered new evidence in the form of text messages from the alleged victim that purportedly reveal she fabricated her story. Petitioner asserts four reasons justify "relief from the final judgment in this case:" (1) his inability to understand complex legal standards involved in absolute innocence cases, (2) the lack of trained personnel within CDCR to assist him with preparing his case, (3) the sensitive nature of his case "which present a clear and present danger to his safety," and (4) the newly discovered evidence "from the alleged victim that she made it all up." *Id.* at 7. Petitioner claims "[i]t would be nothing short of a continued injustice if this new evidence was not fully explored." *Id.* at 9.

Here, Petitioner does not attack "some defect in the integrity of the federal habeas proceedings," but rather Petitioner essentially "asks for a second chance to have the merits determined favorably[.]" *Gonzalez*, 545 U.S. at 532, 532 n.5. It appears that Petitioner seeks to introduce new evidence in support of his claims that were previously denied by the Court. For example, Petitioner states that "[t]his Court originally found Petitioner's claim of prosecutorial misconduct to lack merit, in part because of the state court's finding of overwhelming trial evidence." Doc. No. 27 at 11. "Now, however, that very evidence in called into question because the State's star witness—their only *real* piece of evidence—admits her entire story was fabricated." *Id.* (emphasis in original). Additionally, Petitioner asserts that "[t]he remaining claims of constitutional violations are likewise now subject to further scrutiny because the very foundation upon which they rest has been torn asunder[.]" *Id.* The Supreme Court, however, has made clear that a Rule 60(b) motion seeking leave to present "newly discovered evidence" in support "of a claim previously denied" is "in substance a successive habeas petition and should be treated accordingly." *Id.* at 531.

Moreover, it is unclear whether Petitioner also seeks to rely on the actual

innocence exception articulated in *Schlup v. Delo*, 513 U.S. 298 (1995), and assert a new claim that was not previously raised in his petition. *See* Doc. No. 27 at 9-10. In *Schlup*, the Supreme Court held that a claim of actual innocence serves as a gateway through which federal courts can consider the merits of certain procedurally defaulted habeas petitions asserting constitutional violations. 513 U.S. at 326-27. AEDPA provides an actual innocence exception to the bar on claims raised in second or successive petitions, *see* 28 U.S.C. § 2244(b)(2)(B), but this exception is narrower than the one set forth in *Schlup*. *See McQuiggin v. Perkins*, 569 U.S. 383, 396 (2013). The Ninth Circuit recently held that *Schlup* does not abrogate § 2244(b)(2)(B). *Gage v. Chappell*, 793 F.3d 1159, 1169 (9th Cir. 2015). Thus, to the extent Petitioner asserts a claim of actual innocence based on newly discovered evidence, such a claim is in substance a second petition and must be authorized by the Ninth Circuit Court of Appeals before it may be reviewed by this Court. *See Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008) ("Even if a petitioner can demonstrate that he qualifies for [the § 2244(b)(2)(B)] exception[], he must seek authorization from the court of appeals before filing his new petition with the district court.").

There is no indication that Petitioner has obtained an order from the Ninth Circuit Court of Appeals authorizing this Court to consider a second or successive petition. *See* 28 U.S.C. § 2244(b)(3)(A). Thus, the Court is without jurisdiction to consider the merits of Petitioner's claims. *See Burton v. Stewart*, 549 U.S. 147, 149 (2007); *United States v. Washington*, 653 F.3d 1057, 1065 (9th Cir. 2011) (noting that because the petitioner has not sought a certificate authorizing him to file a second or successive petition, "the district court was without jurisdiction" to entertain the motion).

/ / /

/ / /

/ / /

/ / /

/ / /

# CONCLUSION

Based on the foregoing, the Court construes Petitioner's Rule 60(b) motion as a second or successive § 2254 habeas petition. Because Petitioner has not obtained an order from the Ninth Circuit Court of Appeals authorizing him to file a second or successive petition, the Court lacks jurisdiction to hear Petitioner's claims. ***The Clerk of Court is instructed to send Petitioner a blank Ninth Circuit Application for Leave to File a Second or Successive Petition***. This action remains closed.

**IT IS SO ORDERED.**

Dated: August 30, 2018

Hon. Michael M. Anello
United States District Judge