# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE STANLEY IVEY, II, <br><br> Petitioner, <br><br> v. <br><br> DANIEL PARAMO, Warden, <br><br> Respondent. | Case No.: 14cv715-MMA (JLB) <br><br> **ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

Petitioner Dwayne Stanley Ivey, II ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction. Doc. No. 1. On December 16, 2016, the Court denied the petition for writ of habeas corpus. Doc. No. 22. On August 17, 2018, Petitioner filed a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b). Doc. No. 27. The Court construed Petitioner's motion as a second or successive § 2254 petition, and because Petitioner has not obtained permission from the Ninth Circuit Court of Appeals to file a second or successive petition, the Court concluded it lacked jurisdiction to hear Petitioner's claims. Doc. No. 28. Petitioner appealed. Doc. No. 30.

Rule 11 of the Federal Rules Governing Section 2254 Cases states that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability ("COA") is not issued unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a petition is, as here, dismissed on procedural grounds, a COA should be granted only if two elements are satisfied: (1) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

As the Court noted in its previous Order, a second or successive petition may not be filed in this Court unless the petitioner first obtains from the United States Court of Appeals for the Ninth Circuit an order authorizing this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner has not demonstrated that jurists of reason would find it debatable whether the Court was correct in its procedural ruling that the petition is second or successive.[1] *See United States v. Lynch*, 634 F. App'x 611, 612 (9th Cir. 2016) ("The district court held that Lynch's purported Rule 60(b) motion is actually an unauthorized, second or successive habeas petition under 28 U.S.C. § 2255. For us to entertain his appeal, Lynch needs a Certificate of Appealability[.]"); *see also Davis v. Long*, No. 14-cv-560-GPC-JLB, 2018 WL 1382756, at *3 (S.D. Cal. March 16, 2018) (declining to issue a COA where the district court construed the petitioner's Rule 60(b) motion as a second or successive § 2254 petition).

Accordingly, the Court **DECLINES** to issue a certificate of appealability in this case. The Clerk of Court is directed to notify the Ninth Circuit Court of Appeals of this Order.

**IT IS SO ORDERED.**

Dated: October 2, 2018

HON. MICHAEL M. ANELLO
United States District Judge

---

[1] As such, the Court need not decide whether the application states a valid constitutional claim. *See Slack*, 529 U.S. at 485.